GORDON GREENBERG, SBN 116774
ggreenberg@mwe.com
BRANDON ROKER, SBN 205292
broker@mwe.com
TALA JAYADEVAN, SBN 288121
tjayadevan@mwe.com
BRENNEN SHARP, SBN 353363
bsharp-polos@mwe.com
2049 Century Park East
Suite 3200
Los Angeles, CA 90067
Telephone: 213.229.7000
Facsimile: 213.229.7520

JON DEAN, SBN 184972
jon.dean@sidley.com
350 S. Grand Avenue
Los Angeles, CA 90071
Telephone: 213.896.6036

*Attorneys for Defendant*
*William J. Amon*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00295-RGK |
|---|---|
| Plaintiff, | **JOINDER TO MR. WIEDERHORN'S REPLY IN SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF OUTSTANDING DISCOVERY** |
| V. | |
| ANDREW A. WIEDERHORN, WILLIAM J. AMON, REBECCA D. HERSHINGER, and FAT BRANDS INC., | **Trial:** October 28, 2025<br>**Hearing Date:** May 12, 2025<br>**Hearing Time:** 10:00 a.m.<br>**Dept:** Courtroom 850, 8th Floor<br>**Judge:** Honorable R. Gary Klausner |
| Defendants. | |

Defendant William Amon hereby joins in Defendant Andrew A. Wiederhorn's Reply in Support of Motion to Compel the Production of Outstanding Discovery (the "Reply"), and in the arguments raised therein. *See* ECF No. 122. As set forth in his joinder in the Motion to Compel (ECF No. 119) (the "Joinder") and herein, however, Mr. Amon, has his own separate and distinct issues related to the Government's allegations concerning the Wilshire Loans.

### I. THE GOVERNMENT HAS COMPLETELY IGNORED MR. AMON'S JOINDER AND TO DATE HAS FAILED TO ARTICULATE ANY BASIS FOR THE INTRODUCTION OF 25-YEAR-OLD LOANS IN ITS CASE AGAINST MR. AMON

In its Opposition, the Government willfully ignored that Bill Amon had no connection to the more than 25-year-old Wilshire Loans. Indeed, Mr. Amon did not begin working with Mr. Wiederhorn and his companies until 2017, after the relationship partner at Andersen Tax who onboarded Mr. Wiederhorn and Fog Cutter departed Andersen Tax for another job. Mr. Amon has no insight into what happened in the investigation more than 25 years ago or on what basis the Government is asserting that the Wilshire Loans may be appropriately introduced at a joint trial with Mr. Amon.[1] If the Government persists in seeking to prejudice Mr. Amon, however, it has a *Brady* obligation to produce all evidence that led to the decision not to charge Mr. Wiederhorn in connection with the Wilshire Loans.

Moreover, Mr. Amon has spent a full six months attempting to obtain from the Government what he is entitled to: an explanation of the Government's theory, and the evidentiary basis for it, regarding how the decades old Wilshire Loans relate to the Government's case against Mr. Amon. This information is necessary now so that Mr. Amon's counsel can assess severance-related issues and other potential pre-trial

---

[1] Mr. Amon was never employed by Arthur Anderson, and he had no involvement or knowledge of confidential presentations that were made to the Department of Justice by counsel more than two decades ago.

motions, as well as to prepare for the fast-approaching trial. While the Motion itself apparently caused the Government to start searching for missing materials and answers regarding why those materials are missing, the Joinder had no such similar impact with respect to Mr. Amon's outstanding requests. Indeed, the only mention of Mr. Amon in the Opposition is the Government's representation that it "will provide a more fulsome discussion of the bases for admissibility of the 1990s Shareholder Loans when defendants actually move for their exclusion." Opposition, 2, n.2. While Mr. Amon will move to exclude any evidence related to the decades old Wilshire Loans, both he and the Court are entitled to factual notice of the legal basis for the introduction of this evidence that will prejudice Mr. Amon in a joint trial with Mr. Wiederhorn. The Government's continued refusal to disclose this basic information and play "hide the ball" unfairly hampers Mr. Amon's preparation of his defense and violates the specific notice requirements of Federal Rule of Evidence Rule 404(b).

DATED: May 5, 2025

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

By: */s/ Gordon Greenberg*
    Gordon Greenberg
    Tala Jayadevan
    Brandon Roker
    Brennen Sharp