UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

| Case No. | 2:24-cr-00295-RGK | Date | May 19, 2025 |
|---|---|---|---|
| Title | *United States of America v. Andrew A. Wiederhorn et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | Kevin B. Reidy | |
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* | |

| U.S.A. v. Wiederhorn | Present | Cust | Bond | Attorneys for Defendant: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| | | | | Douglas M. Fuchs | | | X |

**Proceedings:** **(IN CHAMBERS) Order Re: Motion to Compel the Production of Outstanding Discovery [DE 118]**

## I.   INTRODUCTION

On May 9, 2024, the grand jury returned an Indictment charging Andrew A. Wiederhorn ("Defendant"), William J. Amon, Rebecca D. Hershinger, and FAT Brands Inc. ("FAT") with several counts arising out of Defendant's alleged scheme to conceal $47 million in distributions he received from FAT and its affiliate, FOG Cutter Capital Group Inc. ("FOG"), in the form of shareholder loans. (ECF No. 1.)

Presently before the Court is Defendant's Motion to Compel the Production of Outstanding Discovery.[1] (ECF No. 118.) For the following reasons, the Court **GRANTS** the Motion **in part**.

## II.   FACTUAL BACKGROUND

The Indictment alleges that through lies and omissions to board members, auditors, minority shareholders, the SEC, and the investing public, Defendant, FAT's one-time CEO, caused FAT to give him $47 million in undisclosed compensation between 2010 and 2021 which he fraudulently categorized as loans from both FAT and its affiliate FOG. Defendant allegedly never intended to repay these loans before they were ultimately forgiven, and merely used them to avoid income tax and receive financially beneficial tax treatment.

The Indictment also contains a section describing Defendant's alleged "Prior Shareholder Borrowing and Lending, Felony Convictions, and Knowledge of Relevant Tax Laws." (Indictment ¶¶ 25–30.) In this section, the government alleges that in the 1990s, Defendant owned several other

---

[1] Defendant Amon has joined the Motion. (ECF No. 119.) In his Joinders to Defendant's Motion and Reply, Amon expresses "his own separate and distinct issues related to the [g]overnment's allegations" in the Indictment. (Joinder to Def.'s Reply at 1, ECF No. 123.) He then demands the government provide him with an explanation regarding certain allegations. To the extent Amon seeks a court order requiring the government give him such an explanation, a joinder brief is not the proper vehicle for such a request. *See* C.D. Cal. L.R. 6-1 ("[E]very motion shall be presented by written notice of motion."); C.D. Cal. L. Cr. R. 57-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:24-cr-00295-RGK | Date | May 19, 2025 |
|---|---|---|---|
| Title | *United States of America v. Andrew A. Wiederhorn et al.* | | |

entities which also provided him with loans that he never intended to repay, and which were ultimately forgiven (hereafter, the "1990s Loans"). In the early 2000s, the Oregon United States Attorney's Office, working in conjunction with the Department of Justice, the Tax Division of the Department of Justice, the IRS, and the FBI, began investigating Defendant's business dealings and the 1990s Loans. As a result, IRS Criminal Investigation prepared a report seeking permission to pursue tax charges against Defendant from the Tax Division of the Department of Justice (hereafter, the "IRS-CI Special Agent Report"). Throughout the investigation, Defendant's then-counsel gave three presentations to the investigating law enforcement entities regarding the propriety of the 1990s Loans (hereafter, the "Presentations"). Although it is not entirely clear, it appears law enforcement officials prepared some notes on the Presentations and created internal memoranda summarizing them. Ultimately, the Department of Justice determined that charges related to the loans should not be prosecuted because Defendant had relied on tax advisors when reporting the loans on his tax returns. Nonetheless, Defendant agreed to plead guilty to violations of 18 U.S.C. § 1954, for providing something of value to an ERISA plan manager, and 26 U.S.C. § 7206(1), for filing a false tax return, based on conduct unrelated to the 1990s Loans.

The government intends to introduce evidence regarding the 1990s Loans at trial in this matter.

**III.   DISCUSSION**

In his Motion, Defendant originally sought to compel the production of "all outstanding" 1990s Loan discovery within fourteen days. (Mot. at 16.) Defendant also requested that to the extent any discovery was destroyed, the government provide details of any destruction within fourteen days. After briefing, however, the parties have substantially narrowed the scope of the Motion. In its Opposition, the government submits that it has submitted document requests to the FBI, IRS, the Oregon United States Attorney's Office, and the Department of Justice Tax Division regarding the 1990s Loans and either has produced or will produce any discoverable information regarding them, except for the IRS-CI Special Agent Report which it contends is not discoverable. It also submits that after Defendant filed his Motion, it located a document indicating that some documents related to the 1990s Loans were destroyed in March 2006. Accordingly, Defendant submits that the only "live issues" relating to the Motion are whether the government must produce: (1) notes and correspondence relating to the Presentations, (2) the IRS-CI Special Agent Report, and (3) details regarding any destruction of documents. (Reply at 6; *see id.* at 4 (identifying the "two specific categories of document at issue" as "notes and correspondence" relating to the Presentations and the "IRS-CI Special Agent Report").) The Court addresses each in turn.

**A.   Notes and Correspondence Relating to the Presentations**

Defendant submits that the government must produce "any notes or internal correspondence related to the . . . [P]resentations . . . because [they] necessarily contain potentially exculpatory *Brady*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:24-cr-00295-RGK | Date | May 19, 2025 |
|---|---|---|---|
| Title | *United States of America v. Andrew A. Wiederhorn et al.* | | |

information" and are subject to disclosure under Federal Rule of Criminal Procedure 16 ("Rule 16"). (Mot. at 13-14.) In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). Accordingly, to protect an accused's right to due process, the *Brady* rule requires prosecutors to produce all exculpatory or impeaching evidence in their "possession and control." *See United States v. Santiago*, 46 F.3d 885, 893–94 (9th Cir. 1995). In addition, under Rule 16, a criminal defendant has a right to discovery of documents that are "material to preparing the defense" and "within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E).

The government responds that it has already produced any notes regarding the Presentations that it has in its possession but "opposes disclosure of any other notes it *may* find" on the grounds that they are protected by the work product doctrine. (Opp'n at 9 n.4, ECF No. 121 (emphasis added).) The government's position with respect to its obligation to produce any notes that it *may* find is premature considering it is not presently aware of any additional notes.[2] However, because the government has already produced all of the notes and correspondence relating to the Presentations in its "possession and control," the Motion is moot as to this category of documents. *See, e.g.*, *United States v. Weigand*, 482 F. Supp. 3d 224, 244 (S.D.N.Y. 2020) (denying motion to compel as moot where the government represented that it had produced or will produce all discoverable material).

To be sure, Defendant argues the Court should order the government to perform a further search for any such materials. However, there is no meaningful indication that the government's searches were insufficient. *See PlayUp, Inc. v. Mintas*, 2022 WL 4112243, at *3 n.5 (D. Nev. June 30, 2022) (noting that such a request "generally requires some showing that an appropriate search was not undertaken"). And the government's search for discoverable material appears to be ongoing, (*See* Opp'n at 6–8), making an order unnecessary at this time.

Accordingly, the Court **DENIES** Defendant's Motion **as moot** as to this category of documents.

**B.      The IRS-CI Special Agent Report**

Defendant submits that the government must produce the IRS-CI Special Agent Report because: (1) it is potentially exculpatory and thus subject to pre-trial disclosure under *Brady*, and (2) it must be disclosed pursuant to Rule 16.

Under *Brady* and its progeny, the government is obligated to turn over evidence that is: (1) favorable to the defendant, (2) material to either guilt or punishment, and (3) within the

---

[2] The government appears to take a similar premature position with respect to actual presentations that it might find. The same reasoning applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:24-cr-00295-RGK | Date | May 19, 2025 |
|---|---|---|---|
| Title | *United States of America v. Andrew A. Wiederhorn et al.* | | |

government's possession. *Kyles v. Whitley*, 514 U.S. 419, 432 (1995); *Brady*, 373 U.S. at 87. "Any evidence that would tend to call the government's case into doubt is favorable for *Brady* purposes." *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013). Evidence is favorable so long as it is "*potentially* exculpatory or impeaching." *United States v. Olsen*, 704 F.3d 1172, 1181 (9th Cir. 2013) (emphasis in original). In the context of pretrial disclosure, *Brady*'s materiality standard is satisfied if evidence "is favorable to the defense." *United States v. Cloud*, 102 F.4th 968, 979 (9th Cir. 2024).

Here, the government suggests the IRS-CI Special Agent Report is necessarily inculpatory, and thus not subject to disclosure under *Brady*. After all, it was submitted to support charging Defendant with tax offenses, so it contains all the evidence that supported those charges. However, it is also reasonable to assume that the report contains potentially exculpatory facts considering Defendant was not charged or penalized for any conduct relating to the 1990s Loans. Thus, the report is potentially exculpatory, and its exculpatory facts are subject to disclosure under *Brady*.

The government also argues that it should not be required to produce the report because it is protected from disclosure under Rule 16. The government misses the mark. Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). However, Rule 16 only limits the discovery obligations the government has under the Federal Rules of Criminal Procedure—it does not qualify the government's obligations under *Brady*. *United States v. DeMarco*, 407 F. Supp. 107, 111 n.2 (C.D. Cal. 1975).

Having found that *Brady* requires disclosure of exculpatory facts in the report, the Court need not determine whether the same is also subject to disclosure under Rule 16.

Accordingly, the Court **GRANTS** Defendant's Motion as to the IRS-CI Special Agent Report. The government shall produce any exculpatory facts contained in the report within **fourteen (14) days** of this Order.

C.  **Details Regarding the Destruction of Evidence**

Defendant submits that "if after a thorough search . . . it becomes clear that any [1990s Loans] discovery no longer exists . . . the government [must] provide details about the document destruction" because any such destruction may call into question the thoroughness or good faith of the investigation and prosecution. (Mot. at 16.) Information which might raise "opportunities to attack . . . the thoroughness and even good faith of the investigation constitutes exculpatory, material evidence" subject to disclosure under *Brady*. *United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000) (quoting *Kyles*, 514 U.S. at 443 (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | 2:24-cr-00295-RGK | Date | May 19, 2025 |
|---|---|---|---|
| Title | *United States of America v. Andrew A. Wiederhorn et al.* | | |

Defendant's request is overbroad and premature. When Defendant obtains evidence that documents were destroyed, Defendant may make his motion to demand details on that destruction. For now, the only evidence of destruction before the Court is the FBI's 2006 destruction of some 1990s Loans documents. And the Court sees no good reason to compel the government to produce details regarding that destruction, which occurred fourteen years before the government even began investigating Defendant in this case in 2020 and thus cannot logically reveal any deficit in the thoroughness and good faith of this investigation.

Accordingly, the Court **DENIES** the Motion with respect to Defendant's request that the government produce details regarding destruction of documents.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion **in part**. The Court hereby **ORDERS** the government to produce any exculpatory facts contained in the IRS-CI Special Agent Report within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | mal/aa |