BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal. Bar No. 320583)
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorney
Major Frauds/Transnational Organized Crime Sections
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8536/2274
     Facsimile: (213) 894-0141
     E-mail:    kevin.reidy@usdoj.gov
                Benedetto.balding@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-00295-RGK |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANDREW A. WIEDERHORN, et al., | |
| Defendants. | **CURRENT TRIAL DATE:**    10/28/25 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Benedetto L. Balding and Kevin B. Reidy, and defendant Andrew A. Wiederhorn, individually and by and through his counsel of record, Douglas M. Fuchs; William J. Amon, individually and by and through his counsel of record, Gordon A. Greenberg; Rebecca D. Hershinger, by and through her counsel of record, Michael J. Proctor; and FAT Brands Inc., by and

1    through its counsel of record, Vicki Chou, hereby jointly stipulate

2    as follows:

3         1.    The Indictment in this case was filed on May 9, 2024.

4    Defendant Wiederhorn first appeared before a judicial officer of the

5    court in which the charges in this case were pending on May 10, 2024;

6    the other defendants first appeared before a judicial officer of this

7    Court on June 4, 2024.   The Speedy Trial Act, 18 U.S.C. § 3161,

8    originally required that defendant Wiederhorn's trial commence on or

9    before July 19, 2024, and that the trial against the remaining three

10   defendants commence on or before August 13, 2024.

11        2.    On May 10, 2024, the Court set a trial date of July 2,

12   2024, for defendant Wiederhorn; on June 4, 2024, the Court set a

13   trial date of July 30, 2024, for the remaining defendants.

14        3.    On June 11, 2024, the Parties filed a Stipulation Regarding

15   Request for Continuance of Trial Date, asking that the Court move the

16   trial date to October 28, 2025.

17        4.    On June 14, 2024, the Court granted the Parties' Request

18   for Continuance of Trial Date and set trial for October 28, 2025, for

19   all defendants.

20        5.    On September 9, 2024, defendants filed a Motion to Compel

21   the Production of Outstanding Discovery, which included numerous IRS

22   collection files for Mr. Wiederhorn and entities related to defendant

23   FAT Brands, Inc.

24        6.    On September 23, 2024, the government filed an opposition

25   to defendants' Motion to Compel the Production of Outstanding

26

27

28

2

1    Discovery, but noted to the Court that it will produce the requested

2    IRS collection files.[1]

3        7.    On October 9, 2024, the Court granted defendants Motion to

4    Compel the Production of Outstanding Discovery in part and concluded

5    that, because there is no dispute that the government must produce

6    the IRS collection files, this portion of defendants' motion was

7    moot.

8        8.    On February 11, 2025, defendants filed an Unopposed *Ex*

9    *Parte* application for an order (1) Continuing the Trial Date; and (2)

10   Finding of Excludable Time Periods pursuant to Speedy Trial Act.

11   This continuance request was made on the grounds that lead counsel

12   for defendant Wiederhorn, Mr. Fuchs, and lead counsel for defendant

13   Amon, Mr. Greenberg, lost their homes in the recent Palisades fire.

14   As a result, both Mr. Fuchs and Mr. Greenberg lost irreplaceable

15   hardcopy work product that was critical to defendant Wiederhorn's and

16   defendant Amon's defenses.  In addition, both Mr. Fuchs and Mr.

17   Greenberg were forced to spend substantial time addressing their

18   personal displacement.  For these reasons, and to ensure continuity

19   of counsel, defendants sought to continue the trial date from October

20   28, 2025, to February 24, 2026.

21       9.    On February 13, 2025, the Court denied defendants Unopposed

22   *Ex Parte* application for an order (1) Continuing the Trial Date; and

23   (2) Finding of Excludable Time Periods pursuant to Speedy Trial Act

24   finding there was no good cause shown.

25

26

27       [1] In subsequent meetings between the government and defendants,
     the government agreed that the requested IRS collection files are
     discoverable. The government further agreed to undertake a search for
28   these materials and produce the relevant information consistent with
     its discovery obligations.

1      10.   On April 14, 2025, Defendant Wiederhorn filed a Motion to

2   Compel Production of Outstanding Discovery relating to materials from

3   a government investigation that occurred in the early 2000s

4   concerning loans defendant Wiederhorn received.

5      11.   On May 19, 2025, the Court granted in part defendant

6   Wiederhorn's Motion to Compel Production of Outstanding Discovery

7   ordering that the government produce any exculpatory facts contained

8   in an IRS-CI Special Agent Report that was generated in the early

9   2000s.

10      12.   On May 30, 2025, the government produced a redacted version

11   of the IRS-CI Special Agent Report, which attached a "List of

12   Witnesses and Exhibits."

13      13.   Defendants have requested all discoverable material related

14   to the 2000s investigation into defendant Wiederhorn's 1990s loans

15   that relate in any way to the witnesses and reports referenced in the

16   "List of Witnesses and Exhibits" that was attached to the IRS-CI

17   Special Agent Report.

18      14.   The government has produced approximately three million

19   pages of discovery to the defendants, including over 100 witness

20   statements and other reports of investigation; certain IRS materials,

21   voluminous auditor, bank, and other financial records, pleadings and

22   other records from other criminal and civil litigation, search

23   warrants, affidavits in support of such warrants, and related

24   information.  The government anticipates producing additional

25   discovery to the defendants as set forth below and consistent with

26   its ongoing discovery obligations.

27      15.   While complying with its discovery obligations and

28   gathering discovery from third-party witnesses, the government

4

encountered unforeseen technical and metadata issues that caused unavoidable production delays with respect to a large amount of the discovery.  The government was also forced to address privilege issues that were unexpectedly raised, causing additional delays in producing discovery to defendants.  As a result, the government produced over a million pages of discovery to the defendants months later than it originally anticipated.  Defendants later asked the government to re-produce these documents to address various metadata and technical issues in the original productions.  The government accommodated those requests.  Defendants did not receive the materials in an unencrypted or searchable format until February 2025.  These unanticipated delays were not envisioned when the parties originally stipulated to the October 28, 2025 trial date.

16.  On June 24, 2025, the parties filed a joint Stipulation Regarding Request for Continuance of Trial Date, asking that the Court move the trial date to February 24, 2026.

17.  On July 7, 2025, the parties appeared for a hearing regarding the parties' continuance request.  The Court informed the parties that it could continue the fraud trial but that the only date available on the Court's calendar around the parties' requested February 24, 2026 trial date was January 13, 2026.  At the hearing, the Court advised defendants personally as to their rights under the Speedy Trial Act, defendants knowingly and voluntarily agreed to the continuance of the trial date, and waived their right to be brought to trial earlier than January 13, 2026.

18.  The three natural-person defendants are released on bond pending trial.  The government estimates that trial in this matter will last approximately three weeks; defendants estimate that the

1   trial in this matter will last approximately six to eight weeks.  All

2   defendants are currently joined for trial and a severance has not yet

3   been requested or granted.

4       19.  By this joint stipulation, the government and defendants

5   jointly move to continue the trial date.  This is the third request

6   for a continuance.

7       20.  The parties request the continuance based upon the

8   foregoing and following facts, which the parties believe demonstrate

9   good cause to support the appropriate findings under the Speedy Trial

10  Act:

11          a.   Defendant Wiederhorn is charged with a 26 U.S.C.

12  § 7212(a): Endeavoring to Obstruct the Administration of the Internal

13  Revenue Code; 26 U.S.C. § 7201: Evasion of Payment and Assessment of

14  Tax; 18 U.S.C. § 1343: Wire Fraud; 15 U.S.C. §§ 78m(k), 78ff:

15  Extension and Maintenance of Credit in the Form of Personal Loan from

16  Issuer to Executive Officer; 15 U.S.C. §§ 78m(b)(2)(B), 78ff(a) and

17  17 C.F.R. § 240.13b2-2: False Statements and Omission of Material

18  Facts in statements to Accountants in connection with Audits and

19  Reviews; 18 U.S.C. § 1350(c)(2), 17 C.F.R. §§ 229.402, 229.404:

20  Certifying Faulty Financial Reports; and 18 U.S.C. § 2(b): Willfully

21  Causing Acts To Be Done.

22          b.   Defendant Amon is charged with violations of 26 U.S.C.

23  § 7206(2): Aiding and Assisting Filing of False Tax Returns.

24          c.   Defendant Hershinger is charged with violations of 18

25  U.S.C. § 1343: Wire Fraud; 15 U.S.C. §§ 78m(k), 78ff: Extension and

26  Maintenance of credit in the Form of Personal Loan from Issuer to

27  Executive Officer; 15 U.S.C. §§ 78m(b)(2)(B), 78ff(a) and 17 C.F.R.

28  § 240.13b2-2: False Statements and Omission of Material Facts in

6

1   statements to Accountants in connection with Audits and Reviews; 18

2   U.S.C. § 1350(c)(2), 17 C.F.R. §§ 229.402, 229.404: Certifying Faulty

3   Financial Reports; 18 U.S.C. § 1001(a)(2): Making False Statements;

4   and 18 U.S.C. § 2(b): Willfully Causing Act To Be Done.

5        d.   Defendant FAT Brands Inc. is charged with violations

6   of 15 U.S.C. §§ 78m(k), 78ff: Extension and Maintenance of credit in

7   the Form of Personal Loan from Issuer to Executive Officer.

8        e.   In complying with its discovery obligations, the

9   government continues to search for additional material related to the

10  2000s investigation into defendant Wiederhorn's 1990s loans.  It is

11  also searching for additional discoverable materials that relate to

12  the witnesses and reports referenced in the "List of Witnesses and

13  Exhibits" that is attached to the recently produced IRS-CI Special

14  Agent Report based on defendants' request. Given that this material

15  is from an investigation that is more than twenty years old and

16  involves the search of numerous offices including, but not limited

17  to, the Oregon United States Attorney's Office, the Department of

18  Justice, Tax Division, Main Justice in D.C., the FBI, and the IRS,

19  the government requires additional time to search for discoverable

20  material in all of its files to ensure its complying with its

21  discovery obligations.

22       f.   Due to the delays caused by unforeseen technical,

23  metadata, and privilege issues, defendants received over a million

24  pages of discovery months later than the government originally

25  anticipated producing the documents.  This delay, and subsequent

26  metadata and technical issues, have hindered defendants' review of

27  the voluminous discovery and their ability to identify witnesses who

28

1  may possess relevant information.  It has also delayed defendants'

2  ability to identify and prepare expert witnesses.

3          g.    The government is still searching for and determining

4  whether there are outstanding items from IRS collection files for

5  defendant Wiederhorn and entities related to defendant FAT Brands,

6  Inc.  To the extent additional discovery exists, it will be produced

7  to defendants in the coming months.

8          h.    Defendants will require time to review existing and

9  forthcoming productions in connection with preparing their defenses

10 for trial.  The IRS-CI Special Agent Report production was hundreds

11 of pages and identified dozens of additional witnesses defendants

12 will likely need to interview.  Moreover, the ongoing review of the

13 over a million pages of discovery that was produced to defendants

14 months later than it was originally anticipated to be produced will

15 necessitate additional investigation.  Thus, a continuance of the

16 trial is necessary to mitigate any potential prejudicial impact from

17 the foregoing.

18         i.    Mr. Fuchs and Mr. Greenberg—lead trial counsel for Mr.

19 Wiederhorn and Mr. Amon, respectively, continue to experience immense

20 hardship as a result of losing their homes in the Palisades fire.

21 Mr. Fuchs and Mr. Greenberg are still forced to devote significant

22 time to addressing their displacement and recreating valuable

23 hardcopy work product that was destroyed in the fire.

24         j.    In light of the foregoing, the parties believe that

25 additional time is necessary for the government to produce additional

26 discovery and for defendants to conduct and complete an independent

27 investigation of the case, review all discovery and potential

28 evidence in this case, and prepare for trial.  The parties represent

8

1 that failure to grant the continuance would deny them reasonable time

2 necessary for effective preparation, taking into account the exercise

3 of due diligence.  Defendants further believe that failure to grant

4 the continuance will deny them continuity of counsel.

5          k.    The requested continuance is not based on congestion

6 of the Court's calendar, lack of diligent preparation on the part of

7 the attorney for the government or the defense, or failure on the

8 part of the attorney for the government to obtain available

9 witnesses.

10     21.   For purposes of computing the date under the Speedy Trial

11 Act by which defendant's trial must commence, the parties agree that

12 the time period of October 28, 2025 to the new trial date, inclusive,

13 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

14 (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a

15 continuance granted by the Court at the parties' joint request on the

16 basis of the Court's finding that: (i) the ends of justice served by

17 the continuance outweigh the best interest of the public and

18 defendant in a speedy trial; (ii) failure to grant the continuance

19 would be likely to make a continuation of the proceeding impossible,

20 or result in a miscarriage of justice; (iii) failure to grant the

21 continuance would unreasonably deny defendant continuity of counsel

22 and would deny defense counsel the reasonable time necessary for

23 effective preparation, taking into account the exercise of due

24 diligence; and (iv) the case is so unusual and so complex, due to the

25 nature of the prosecution, the number of defendants, and the

26 existence of novel questions of fact and law that it is unreasonable

27 to expect preparation for pre-trial proceedings or for the trial

28 itself within the time limits established by the Speedy Trial Act.

22.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 14, 2025                    Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       United States Attorney

                                       CHRISTINA T. SHAY
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                            /s/
                                       KEVIN B. REIDY
                                       BENEDETTO L. BALDING
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

10

1    I am ANDREW A. WIEDERHORN's attorney.  I have carefully discussed

2  every part of this stipulation and the continuance of the trial date

3  with my client. I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and agrees

5  to waive them.  I believe that my client's decision to give up the

6  right to be brought to trial earlier than January 13, 2026, is an

7  informed and voluntary one.

8

9  _____            7/14/2025
   _____
10 DOUGLAS M. FUCHS                       Date
   Attorney for Defendant
11 ANDREW A. WIEDERHORN

12    I have read this stipulation and have carefully discussed it with

13 my attorney.  I understand my Speedy Trial rights.  I voluntarily agree

14 to the continuance of the trial date, and give up my right to be brought

15 to trial earlier than January 13, 2026.  I understand that I will be

16 ordered to appear at the United States District Court at 255 East

17 Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor for

18 trial.

19

20 _____            7/14/2025
   _____
21 ANDREW A. WIEDERHORN                    Date
   Defendant

22

23

24

25

26

27

28

11

1        I am WILLIAM J. AMON's attorney.  I have carefully discussed every

2    part of this stipulation and the continuance of the trial date with my

3    client. I have fully informed my client of his Speedy Trial rights.

4    To my knowledge, my client understands those rights and agrees to waive

5    them.  I believe that my client's decision to give up the right to be

6    brought to trial earlier than January 13, 2026, is an informed and

7    voluntary one.

8

9    _____    _____
     GORDON A. GREENBERG                  7/14/25   Date

10   Attorney for Defendant
     WILLIAM J. AMON

11

12       I have read this stipulation and have carefully discussed it with

13   my attorney.  I understand my Speedy Trial rights.  I voluntarily agree

14   to the continuance of the trial date, and give up my right to be brought

15   to trial earlier than January 13, 2026.  I understand that I will be

16   ordered to appear at the United States District Court at 255 East

17   Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor for

18   trial.

19

20   _____    _____

21   WILLIAM J. AMON                      Date
     Defendant

22

23

24

25

26

27

28

I am WILLIAM J. AMON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than January 13, 2026, is an informed and voluntary one.

_____          _____
GORDON A. GREENBERG                         Date
Attorney for Defendant
WILLIAM J. AMON


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 13, 2026. I understand that I will be ordered to appear at the United States District Court at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor for trial.

07/14/2026

_____          _____
WILLIAM J. AMON                             Date
Defendant

12

I am REBECCA D. HERSHINGER's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than January 13, 2026, is an informed and voluntary one.

_____          _____
MICHAEL J. PROCTOR                         July 14, 2025
Attorney for Defendant                     Date
REBECCA D. HERSHINGER


I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 13, 2026.  I understand that I will be ordered to appear at the United States District Court at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor for trial.

_____          _____
REBECCA D. HERSHINGER                       7/14/2025
Defendant                                   Date

1    I am FAT BRANDS INC.'s attorney.  I have carefully discussed every

2    part of this stipulation and the continuance of the trial date with my

3    client. I have fully informed my client of its Speedy Trial rights.

4    To my knowledge, my client understands those rights and agrees to waive

5    them.  I believe that my client's decision to give up the right to be

6    brought to trial earlier than January 13, 2026, is an informed and

7    voluntary one.

8

9    _____    July 14, 2025
     VICKI CHOU                          Date
10   Attorney for Defendant
     FAT BRANDS INC.
11

12   As the authorized representative of FAT BRANDS INC., I have read

13   this stipulation and have carefully discussed it with FAT BRANDS INC.'s

14   attorney.   I understand FAT BRANDS INC.'s Speedy Trial rights.   On

15   behalf of FAT BRANDS INC., I voluntarily agree to the continuance of

16   the trial date, and give up FAT BRANDS INC.'s right to be brought to

17   trial earlier than January 13, 2026.  I understand that I or another

18   representative will be ordered to appear at the United States District

19   Court at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850,

20   8th Floor for trial.

21

22   _____    July 14, 2025
     VICKI CHOU for FAT BRANDS INC.      Date
23   Defendant

24

25

26

27

28

14