BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8536
     Facsimile: (213) 894-6269
     E-mail:    Kevin.Reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-00295-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE |
| v. | |
| ANDREW A. WIEDERHORN, WILLIAM J. AMON, REBECCA D. HERSHINGER, and FAT BRANDS INC., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, hereby responds to the Court's order to show cause why the Court should grant leave to dismiss the indictment. (Dkt. 134.)

On May 9, 2024, the Grand Jury returned the indictment in this matter. (Dkt. 1.) During 2025, the Department of Justice issued policy guidance on enforcement priorities. See, e.g., Memorandum from the Attorney General, General Policy Regarding Charging, Plea Negotiations, and Sentencing (Feb. 5, 2025); Memorandum from the Head

of the Criminal Division, <u>Focus, Fairness, and Efficiency in the Fight Against White-Collar Crime</u> (May 12, 2025). Because the conduct alleged in the indictment does not fall within the scope of these criminal prosecution priorities, the government moves to dismiss the indictment.

This is a proper basis for dismissal. "[T]he decision whether or not to prosecute . . . generally rests entirely in [the Government]'s discretion." <u>Wayte v. United States</u>, 470 U.S. 598, 607 (1985). An unopposed motion to dismiss an indictment should be granted unless the Court finds the decision is "clearly contrary to manifest public interest." <u>United States v. Garcia-Valenzuela</u>, 232 F.3d 1003, 1008 (9th Cir. 2000) (denial of unopposed motion to dismiss only appropriate where "the motion was clearly contrary to manifest public interest"). The Executive branch's decision to focus its limited prosecution resources on other types of harm is not clearly contrary to the public interest. Where, as here, a dismissal is based on government enforcement priorities, the Court should defer to the government's evaluation of those priorities and grant a motion to dismiss.[1] <u>Wayte</u>, 470 U.S. at 607 ("Such factors as . . . the Government's enforcement priorities and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake."); <u>United States v. Gonzalez</u>, 58 F.3d 459, 462 (9th Cir. 1995) ("The decision to dismiss an indictment implicates concerns that the

---

[1] Criminal prosecutions are not the only means to address potential violations of the law. The course of conduct alleged in the indictment is also the subject of a pending SEC action. (<u>See</u> <u>Securities and Exchange Commission v. FAT Brands, Inc., et al.</u>, No. 2:24-cv-03913-MCS-AGR (C.D. Cal.).)

Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request.").

Based on the above and the underlying "[s]eparation-of-powers concerns [that] generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge," Gonzalez, 58 F.3d at 461, the Court should grant the government's unopposed motion, dismissing this case without prejudice.

Dated: August 4, 2025              Respectfully submitted,

                                   BILAL A. ESSAYLI
                                   United States Attorney


                                         /s/
                                   KEVIN B. REIDY
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA